UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMHAL TALIB ABDULLAH BEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil No. 24-10362-LTS |
| COMMONWEALTH OF MASSACHUSETTS, | | |
| Defendant. | | |

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,
MOTION TO STAY, AND MOTION TO APPOINT COUNSEL

February 21, 2024

SOROKIN, J

For the reasons set forth below, the Court allows Jamhal Talib Abdullah Bey's motion for leave to proceed in forma pauperis, denies the motions to stay and appoint counsel, and dismisses this action without prejudice.

I.      BACKGROUND

On February 14, 2024, Bey filed a pro se complaint accompanied by motions for leave to proceed in forma pauperis, to stay court proceedings, and to appoint counsel. Doc. Nos. 1–4.

Bey submitted his complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. Doc. No. 1. Named as defendant is the Commonwealth of Massachusetts. Id. at 1. For the basis of jurisdiction, Bey checks the box for "federal question." Id. at 3. Bey states that his claim is brought under art. III, § 2 and the Second Amendment to the United States Constitution. Id.

For the statement of claim, Bey attaches to the form complaint a 10-page attachment that consists primarily of legal arguments and case citations. Id. at 6 – 15. Bey states his belief that there are grounds for raising one or more federal questions regarding the proceedings in Commonwealth v. Bey, No. 2181CR000361 (pending). Id. at 6. In light of the United States Supreme Court's holding in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), Bey seeks to challenge "the severing of the unconstitutional portion of the statute and the retroactive application to [his arrest in] 2021." Id. For relief, Bey seeks to have this federal court "[r]everse the denial" of the Superior Court's ruling and "determine if a statute severed of its unconstitutional provisions is ex post facto when retroactively applied to an arrest before the unconstitutional portions were removed." Id. at 15.

II.     MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of Bey's Application to Proceed in District Court without Prepaying Fees or Costs, the Court concludes that he is without sufficient assets to pay the filing fee and grants Bey leave to proceed in forma pauperis.

III.    SCREENING OF THE COMPLAINT

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In conducting this review, the court liberally construes Bey's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

IV.    DISCUSSION

The heart of Bey's claim is for this Court to overrule a state court's orders in a pending criminal trial. Under Younger v. Harris, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding . . . that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" Watson v. Ordonez, No. 17-11871, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018) (quoting In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)).

Here, all three elements for mandatory abstention are fulfilled. First, there is an on-going criminal proceeding instituted prior to this action. Second, the state proceedings implicate important state interests associated with the State's administration of its laws. Third, Bey can raise his objections to the Superior Court's orders and actions in that court, or in the appellate courts of the Commonwealth. None of the exceptions to Younger abstention apply here. Accordingly, abstention is appropriate.

Accordingly, after a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court will dismiss the complaint without prejudice on <u>Younger</u> abstention grounds.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby orders that:

1. The motion to for leave to proceed in forma pauperis is ALLOWED.

2. The motions to stay and to appoint counsel are DENIED.

3. The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

  /s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge